IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**KEVIN DARNELL DYSON,**

    Petitioner

v.

**UNITED STATES OF AMERICA,**

    Respondent.

\*
\*
\*    Civil Case No.:    RWT 09cv1405
\*
\*
\*    Criminal Case No.:  RWT 06cr131
\*
\*
\*
\*
\*

## MEMORANDUM OPINION

Pending before the Court is Kevin Darnell Dyson's petition under 28 U.S.C. § 2255 to vacate and set aside his sentence. Petitioner contends that he was denied his Sixth Amendment right to effective assistance of counsel. Because Petitioner has not shown that counsel's representation was objectively unreasonable and resulted in actual prejudice, the Court will deny the § 2255 petition.

## BACKGROUND

On Friday, October 19, 2007, Petitioner pled guilty in *United States v. Dyson*, No. RWT 06-00131 (D. Md. October 19, 2007), to conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base, commonly known as crack, in violation of 21 U.S.C. § 846 (Count One of Superseding Indictment), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 11 of Superseding Indictment). Case No. 06-cr-00131, ECF No. 541. On May 8, 2008, he was sentenced to a total term of incarceration of 168 months, or 14 years, consisting of 121 months on Count One, and 47 months on Count 11, to be served consecutively. Case No. 06-cr-00131, ECF No. 583.

## PROCEDURAL HISTORY

On May 28, 2009, Petitioner timely filed a § 2255 petition alleging ineffective assistance of counsel based on alleged errors made by counsel in the plea agreement process and preparation for the sentencing hearing. Case No. 06-cr-00131, ECF No. 547 (hereinafter Pet'r Mot.). On May 28, 2010, the Government filed an opposition. Case No. 06-cr-00131, ECF No. 602 (hereinafter Resp't Opp'n). On July 2, 2010, Petitioner filed a reply. Case No. 06-cr-00131, ECF No. 611 (hereinafter Pet'r Reply).

## STANDARD OF REVIEW

In evaluating claims of ineffective assistance of counsel, the Court applies the two prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, Petitioner must show that counsel's representation fell "below an objective standard of reasonableness." *Id.* at 688. In reviewing counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Second, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," where a "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Specifically, in the context of a § 2555 motion, Petitioner must show that there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

## ANALYSIS

In his § 2255 petition, Petitioner specifically alleges:

(1) Trial counsel rendered ineffective assistance by advising Petitioner that the Government had verbally agreed to move for a sentence below the ten-year mandatory minimum penalty on the narcotics conspiracy count (Count One of the

Superseding Indictment), and that Petitioner would receive no more than seven years in prison for that offense.

(2) Trial counsel provided ineffective representation by assuring Petitioner that the Government would dismiss his firearms charge (Count 11 of the Superseding Indictment) before sentencing.

(3) Trial counsel provided ineffective assistance by failing to prepare Petitioner properly for his allocution at sentencing.

Pet'r Mot. 3.  The Court will address each of these arguments in turn.

**I.  Assurance of Sentence Below Mandatory Minimum**

Petitioner alleges that his counsel assured him that the Government had verbally agreed to move for a sentence below the ten-year mandatory minimum and that he would therefore receive no more than seven years on Count One.  Pet'r Mot. 3.

As Respondent aptly notes:

> In the Fourth Circuit, it is well established that there can be no prejudice for purposes of the second prong of *Strickland* when any alleged misinformation communicated to a defendant by his counsel is corrected by the trial court at the Rule 11 hearing. *See, e.g., United States v. Foster*, 68 F.3d 86 (4th Cir. 1995). Information given by the court at a Rule 11 hearing that corrects or clarifies any earlier erroneous information given to the petitioner by his trial attorney, coupled with the admittance by the defendant that he understood what the court was advising him, must be relied upon. *United States v. Lambey*, 974 F.2d 1389, 1395 (4th Cir. 1992); *United State v. Craig*, 985 F.2d 175, 179-80 (4th Cir. 1993) ("'mis-advice respecting sentencing possibilities' could not be a "but for" cause of a guilty plea where the plea is 'based on risk information given . . . by the sentencing court.'")

Resp't Opp'n 5-6.

Here, Petitioner's argument is meritless because Petitioner's misunderstanding regarding the projected length of his sentence on the narcotics conspiracy charge was corrected by this Court at the Rule 11 hearing.  *See* Tr. of Rule 11 Hr'g 25:21-28:16, ECF No. 541.

When discussing the possibility of the Government making a motion to reduce the offense level, the Court said to Petitioner: "They will not be recommending that I take this sentence below the ten year mandatory minimum. Do you understand that?" *Id.* at 25:21-26:20. Petitioner responded, "Yes." *Id.* at 26:21. Petitioner's lawyer, Mr. Rudasill, then explained to the Court that, after discussing the matter with the Government, he had assured Petitioner as follows:

> I represented to him and to his family, that there is a possibility, if he completely and fully and truthfully complies with all his obligations and he testifies at all meaningful proceedings and that the government deems his cooperation relevant, that there is still a possibility that the government would reconsider that at the end of his cooperation and make that 3553(e) motion.

*Id.* at 27:18-25. The Government subsequently clarified, "Your Honor, I understand this may be the defendant's hope. It's certainly not a promise from the government." *Id.* at 28:3-8.

The Court then asked Petitioner: "Mr. Dyson, do you understand that the government is not obligating itself under this agreement to make a motion to have the sentence be below the mandatory ten year minimum? That doesn't mean that it might not happen, but they're not obligating themselves. Do you understand that?" *Id.* at 28:10-15. Petitioner responded, "I understand." *Id.* at 28:16.

The Court further asked Petitioner, "Are there any promises or assurances of any nature that have been made to you to induce you to plead guilty in this case that are not contained in this letter? In other words, is this letter the whole deal? Is there anything other than this letter that you're relying upon?" *Id.* at 17:4-8. Petitioner responded, "No, there's not." *Id.* at 17:9.

It is clear that prior to the Rule 11 hearing, the Petitioner believed that the Government was promising to move for a lower sentence if the Petitioner cooperated. However, this Court spent considerable time clearing up that confusion and ensuring that Petitioner understood that

4

such assurances carried no weight and that there was no such promise included in the plea agreement. Therefore, because the Court corrected any possible misinformation given to Petitioner by his attorney and Petitioner indicated that he understood, Petitioner is bound by that admission of understanding and cannot now claim that he would not have plead guilty absent his attorney's assurances. *See United State v. Craig*, 985 F.2d 175, 179-80 (4th Cir. 1993); *United States v. Lambey*, 974 F.2d 1389, 1395 (4th Cir. 1992). In light of these facts, Petitioner's first basis for ineffective assistance of counsel is without any discernible merit.

**II.    Assurance of Dismissal of Firearms Charge**

Petitioner also alleges that his counsel assured him that the Government would dismiss his firearms charge. Pet'r Mot. 3. However, the Rule 11 hearing clarified which counts the defendant was pleading guilty to and which counts would be dismissed before sentencing.

The Clerk asked Petitioner, "So your plea is guilty as to counts one and 11, and not guilty as to counts seven, nine, ten, 12, and 13; is that correct?" Tr. of Rule 11 Hr'g 4:6-8. Petitioner's lawyer, instead of Petitioner, then responded, "That's correct, Madam Clerk. The government has agreed to dismiss those counts at sentencing." *Id.* at 4:9-11. The Clerk replied, "Okay. We just need Mr. Dyson to say it. Is that correct, Mr. Dyson?"; the Petitioner answered, "Yes." *Id.* at 4:12-15. The Petitioner's verbal affirmation that he understood is legally binding.

The Government later noted when describing the plea agreement, "[W]e will move to dismiss any open counts against the defendant." *Id.* at 14:7-10. This statement should have further communicated to Petitioner that the plea agreement did not contain a promise to dismiss Count 11, as that count was no longer outstanding, but rather was one of the two counts to which he was pleading guilty. After the Government's presentation, the Court asked Petitioner, "You have heard Ms. Skalla summarize the essential terms of this agreement. Do you have any

5

concerns about her description of the agreement?" *Id.* at 16:17-20. The Petitioner responded, "No." *Id.* at 16:21. The Court additionally clarified, "Is that the agreement you believe you've reached with the government?" *Id.* at 16:22-23. The Petitioner responded, "Yes." *Id.* at 16:24. In light of these facts, Petitioner's second basis for ineffective assistance of counsel is without any discernible merit.

### III.     Inadequate Preparation for Allocution

Petitioner finally alleges that his counsel failed to prepare him for his allocution. Pet'r Mot. 3. Petitioner argues that the Court gave substantial weight in sentencing to Petitioner's failure to express remorse and that he therefore would have received a lighter sentence if Petitioner's counsel had advised him to express remorse, accept responsibility, and apologize. Pet'r Reply 2-3. There is no evidence, however, that additional or more appropriate advice by Petitioner's counsel would have changed the outcome of the sentencing hearing. After granting the Government's 18 U.S.C. § 3553(e) motion, the Court ultimately handed down a sentence well below that originally dictated by the applicable sentencing range. Tr. of Rule 11 Hr'g 58:3-61:238. The Court's comment that Petitioner was "unrepentant" and expressed "very little contrition" was not solely based on his attitude at the sentencing, but stemmed in large part from Petitioner's history of similar criminal activity. *Id.* at 53:13, 59:4. Unlike the situation in *Glover v. United States,* 531 U.S. 198, 198-199 (2001), where an attorney rendered ineffective assistance to his client by failing to challenge an incorrect grouping of counts under the Sentencing Guidelines, Petitioner has alleged no error of law made by his counsel that automatically resulted in a higher sentence than he would otherwise have received. In light of these facts, Petitioner cannot prevail on his third basis for ineffective assistance of counsel.

## IV. Conclusion

Petitioner has not demonstrated that his counsel was ineffective and that, but for counsel's alleged errors, he would not have pled guilty or would have received a lower sentence. Accordingly, the Court shall deny Petitioner's § 2255 Motion (Case No. 06-cr-00131, ECF No. 547).

A separate Order follows.


Date:  September 20, 2012                                    /s/
                                                    ROGER W. TITUS
                                                    UNITED STATES DISTRICT JUDGE